ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C.  Atlanta

MAR 2 7 2007

JAMES N. HATTEN, Clerk
By _____
Deputy Clerk

| | |
|---|---|
| CARLYLE WRIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION FILE |
| v. | ) NO. \_\_\_\_\_ 1:07-CV-0703 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) GET |
| Defendant. | ) |

## COMPLAINT

COMES NOW Plaintiff Carlyle Wright and shows this Court as follows:

## PARTIES

1.

Plaintiff Carlyle Wright resides in the Northern District of Georgia, and brings his claims as Plaintiff in this case.

2.

The Defendant is the United States of America. Because the claims stated herein are against the United States Postal Service, the provisions of the Federal Tort Claims Act mandate that the sole defendant be the United States of America.

## JURISDICTION AND VENUE

3.

The United States of America may be served by personally serving the United States Attorney for the Northern District of Georgia with Summons and Complaint, and by serving the Summons and Complaint on the Attorney General of the United States by Certified Mail and the Postmaster General by Certified Mail. Upon such service, this Court has personal jurisdiction over Defendant United States of America.

4.

Venue properly lies in the Atlanta Division of the Northern District of Georgia because the personal injury suffered by Plaintiff Carlyle Wright, which is alleged to have been proximately caused by an employee of the United States Postal Service in the course and scope of his postal duties at the Duluth Postal Service Center, occurred at a location in Gwinnett County, which county lies within this Division of this Court.

5.

Plaintiff Carlyle Wright suffered his injuries at the Duluth Postal Service Center on March 31, 2004. His Administrative Tort Claim was presented to the Claims Department of the United States Postal Service by Certified Mail at its aforesaid Duluth facility on March 2, 2006. A true and accurate copy of his Administrative Tort Claim is attached hereto as Exhibit A.

6.

The Administrative Tort Claim of Plaintiff Carlyle Wright was denied in a letter by the United States Postal Service dated September 29, 2006. A true and accurate copy of the denial letter is attached hereto as Exhibit B.

7.

This lawsuit is filed within six months of the denial of the Administrative Tort Claim. Thus, this Court has subject matter jurisdiction over the claims of the Plaintiff against the United States of America under the Federal Tort Claims Act pursuant to 28 U.S.C. §1346(b) and Chapter 171 of Title 28, U.S. Code, 28 U.S.C. §§ 2671 *et seq*.

## CAUSES OF ACTION

### COUNT ONE: PERSONAL INJURY

8.

On March 31, 2004, Plaintiff Carlyle Wright was at the Duluth Postal Service Center loading dock area at approximately 3:30 p.m. in the normal course of his duties as a truck driver for his employer, H&H Transport.

9.

On that date and time, Plaintiff Carlyle Wright informed the post office dispatcher, a postal service employee, of the percentage of mail on Mr. Wright's truck, i.e. the status of the loading.

10.

Following providing this information to the postal service dispatcher; while in the loading dock area, without warning a forklift operated by a United States postal service employee struck Plaintiff Carlyle Wright. The collision threw him into the air, where he ultimately landed on the pallet being carried by the forklift.

11.

The employee of the United States Postal Service was in the course and scope of his employment, and was driving the forklift which struck Plaintiff Carlyle Wright in a negligent and careless manner without proper regard for Mr. Wright or his safety.

12.

Specifically, the operation of the forklift by the United States Postal Service employee, in the course and scope of his employment, was negligent in that the postal employee failed to keep a proper look-out ahead; did not drive the forklift in such a manner so as to stop in time to avoid hitting Plaintiff Carlyle Wright; failed to yield the right of way to Plaintiff Carlyle Wright as a pedestrian; failed to keep a clear view of the path of travel of said forklift; failed to operate the forklift at a speed that would permit it to be brought to a stop in a safe manner; failed to warn Plaintiff Carlyle Wright of his presence or any impending danger; and otherwise operated said forklift in a negligent manner.

13.

As a result of the impact of the forklift to Plaintiff Carlyle Wright, he has and continues to suffer from injuries to his neck and back resulting in surgeries and permanent injuries and damages to his person.

14.

Since the impact by the forklift, Plaintiff Carlyle Wright has incurred extensive medical care including surgeries and treatment by a number of medical doctors, has received extensive physical therapy, has undergone and suffered extensive pain and suffering, physically, mentally, and emotionally, and continues to have such pain and suffering, and will continue to have such pain and suffering well into the foreseeable future and more likely than not, for the rest of his life.

15.

At the time of the injury, Plaintiff Carlyle Wright was employed as a truck driver for H&H Transport.

16.

As a direct and proximate result of the injuries inflicted as a proximate result of being struck by the Postal Service forklift, Plaintiff Carlyle Wright has been unable to return to work, is still unable to work, and will remain disabled for the foreseeable future, and more likely than not, for the rest of his natural life.

17.

Plaintiff Carlyle Wright is entitled to recover any and all compensatory damages from the Defendant United States of America which were proximately caused by the aforesaid negligence of the U.S. Postal Service and the postal employee thereof in the course and scope of his employment by said agency, for past, present, and future medical expenses, for past, present, and future loss of earnings, and for past, present, and future pain and suffering. The amount of such damages is in such amount as shall be proven at trial, not to exceed the amount claimed on the Administrative Tort Claim, attached hereto as Exhibit A.

WHEREFORE Plaintiff Carlyle Wright prays and demands as follows:

A.     Plaintiff Carlyle Wright have and recover compensatory damages from Defendant United States of America in such amount as may be proven at trial, limited only by the amount claimed on his Administrative Tort Claim;

B.     All costs be cast against Defendant; and

C.     Plaintiff have such other and further relief as the Court finds lawful and just.

This 26th day of March, 2007.

John D. Steel
Georgia Bar No. 677646


Matthews & Steel
15 Piedmont Center, Suite 1560
3575 Piedmont Road, N.E.
Atlanta, Georgia  30305
(404) 264-1292

Stephen M. Ozcomert
Georgia Bar No. 558389


Law Office of Stephen M. Ozcomert, PC
215 N. McDonough Street
Decatur, Georgia  30030
(404) 370-1000

F:\WRIGHT, CARLYLE\Complaint.wpd

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To:  USPS Atlanta District TORT Claims P O Box 599322 North Metro GA 30026-9322 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) Cardyle Wright                    Stephen M. Ozcomert 725 Russell Drive              Attorney for Claimant Riverdale, GA  30296        215 N. McDonough Street                                              Decatur, GA  30030 |
|---|---|

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH 11/5/56 | 5. MARITAL STATUS Single | 6. DATE AND DAY OF ACCIDENT 3/31/04 Wednesday | 7. TIME (A.M. OR P.M.) 3:30 p.m. |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

Carlyle Wright a truck driver employed by H&H Transport was present on March 31, 2004 at the North Metro Post Office, 1605 Fox Road, Duluth, GA 30096. Mr. Wright was standing in the loading dock and had just finished informing the expediter the percentage of mail on Mr. Wright's truck. He then turned around, and as he did so, he was struck by a forklift operated by a U.S. Postal Employee. The force of the impact caused Mr. Wright's injuries.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT. Mr. Wright received injuries to his neck and back necessitating surgical intervention to both areas. On March 30, 2005, after conservative management, Dr. Plas James performed an Anterior Cervical Diskectomy and fusion. On November 28, 2005, a L5-S1 fusion surgery was performed. A variety of testing and conservative case was rendered to claimant. Claimant submits a written report by the attending physician, showing the nature and extent of his injuries, the nature and extent of his treatment, the degree of permanent disability, the prognosis, the period of hospitalization, by attaching itemized bills and records.

| 11. | WITNESSES | |
|---|---|---|
| NAME | | ADDRESS (Number, street, city, State, and Zip Code) |

| 12. (See instructions on reverse) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY 2,000,000.00 | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) 2,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) Attorney for Carlyle Wright | 13b. Phone number of signatory 404-370-1000 | 14. DATE OF CLAIM 3-2-06 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM The claimant shall forfeit and pay to the United States the sum of $2,000, plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |
|---|---|

95-109
Previous editions not usable

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

PLAINTIFF'S EXHIBIT

-8-

LAW DEPARTMENT
NATIONAL TORT CENTER



**UNITED STATES**
**POSTAL SERVICE**

## CERTIFIED NO: 7005 1820 0007 5367 7747
## RETURN RECEIPT REQUESTED

September 29, 2006

Mr. Stephen M. Ozcornert, Esq.
215 North McDonough Street
Decatur, GA 30030

RE:    Your Client: Carlyle Wright
       Date of Alleged Incident: 03/31/04

Dear Mr. Ozcomert:

This is in reference to the administrative claim you filed on behalf of your above-referenced client under the provisions of the Federal Tort Claims Act, as a result of injuries allegedly sustained on or about March 31, 2004 in the North Metro, Georgia Processing & Distribution Center.

The Postal Service is not legally obligated to pay all losses which may occur, but only those caused by the negligent or wrongful act or omission of an employee acting in the scope of his/her employment. We are guided in our determination by all the information available to us, including the reports of our personnel and any other persons acquainted with the facts.



As to the incident at issue, an investigation of this matter failed to establish a negligent act or omission on the part of the U.S. Postal Service or its employees. In fact, an investigation conducted immediately after the accident, revealed that your client was talking and inattentive, and his lack of awareness to his surroundings caused him to walk directly into the path of the Postal forklift operator. If he is not solely at fault for this accident, he clearly bears more than 50% of the responsibility for the accident, which prohibits any recovery by him under Georgia law. Furthermore, even aside from the liability issue, we have reviewed all the submissions regarding the claimant's alleged injuries. There are a number of issues that we believe require the review by medical experts, particularly given ailments that appear to be completely unrelated to this accident. Given the lack of negligence and serious questions regarding the extent of your client's injuries, we are left with no alternative but to issue a denial of this claim. Accordingly, this claim is denied.

In accordance with 28 U.S.C. § 2401(b) and 39 C.F.R. 912.9(a), if dissatisfied with the Postal Service's final denial of an administrative claim, a claimant may file suit in a United States District Court no later than six (6) months after the date the Postal

P.O. BOX 66840
ST. LOUIS, MO 63166-6840
TEL: 314-872-5120
FAX: 314-872-5193

-9-

- 2 -

Service *mails* the notice of that final action. Accordingly, any suit filed in regards to this denial must be filed no later than six (6) months from the date of the mailing of this letter, which is the date shown above.  Further, note the United States of America is the only proper defendant in a civil action brought pursuant to the Federal Tort Claims Act and such suit may be heard only by a federal district court.

Alternatively, and in accordance with the regulations set out at 39 C.F.R. 912.9(b), prior to the commencement of suit and prior to the expiration of the six (6) month period provided in 28 U.S.C. § 2401(b), a claimant, his duly authorized agent, or legal representative, may file a written request for reconsideration with the postal official who issued the final denial of the claim. Upon the timely filing of a request for reconsideration, the Postal Service shall have six (6) months from the date of filing in which to make a disposition of the claim and the claimant's option under 28 U.S.C. § 2675(a) shall not accrue until six (6) months after the filing of the request for reconsideration. ¯

A request for reconsideration of a final denial of a claim shall be deemed to have been filed when received in this office.

Sincerely,

Christine A. Ballard
Tort Claim Examiner/Adjudicator

cc:    William Grundel, Tort Claims Coordinator
       Case No. 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A

%AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_Northern_     District of     _Georgia_

CARLYLE WRIGHT

### SUMMONS IN A CIVIL ACTION

V.

UNITED STATES OF AMERICA

CASE NUMBER:    **1**   0 7   C V   0 7 0 3

TO: (Name and address of Defendant)

Alberto R. Gonzales, Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, DC 20530-0001

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

John D. Steel, Esq. (Georgia Bar #677646)
Matthews & Steel
15 Piedmont Center, Suite 1560
3575 Piedmont Road, N.E.
Atlanta, Georgia 30305
(404) 264-1292
johnsteel@matthewssteellaw.com

an answer to the complaint which is served on you with this summons, within _____ _60_ _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

JAMES N. HATTEN                       _3-27-07_

CLERK                                       DATE

_(signature)_
(By) DEPUTY CLERK

%AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | | |
|---|---|---|
| Service of the Summons and complaint was made by me[1] | DATE | |
| NAME OF SERVER (PRINT) | TITLE | |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
               Date                      Signature of Server

                                   _____
                                   Address of Server

---

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.